UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS TORRES,

                    Plaintiff,

-against-

NEW YORK STATE POLICE,

                    Defendant.

23-CV-10680 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On December 5, 2023, the court received from Plaintiff, who is currently detained in the Orange County Jail, a letter to the court that was addressed to the undersigned. In the letter, Plaintiff states that he has other civil matters pending in this court and asks the Court to assist him in his pending criminal proceedings in state court. (*See* ECF 1, at 1.) Plaintiff specifically references his prior cases in which he attempted to remove his state court criminal proceedings to this court. (*See id.*) Because Plaintiff attached to his letter documents suggesting an intent to bring civil claims arising from his state court criminal proceedings, the Clerk of Court opened Plaintiff's submission as a new civil action. For the following reasons, this action is dismissed.

      Plaintiff has previously submitted to this court the same documents that he attaches to his recent letter. That submission was opened as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See Torres v. People*, No. 23-CV-9380 (LTS) (S.D.N.Y.). After filing that initial pleading, Plaintiff filed multiple letters, a complaint, and an amended complaint in that action. By order in that action dated January 2, 2024, the Court denied Plaintiff's application to remove his state court criminal proceedings, denied his request for *habeas corpus* relief without prejudice and with leave to replead to show that exhausted his administrative remedies, and

directed the Clerk of Court to open the complaint and amended complaint docketed in that action as a new civil action.[1] See ECF 1:23-CV-9380, 14.

This new action, which consists of a letter to the court and copies of the same documents Plaintiff filed in No. 23-CV-9380 (LTS), was opened in error. Because any claims that the new submission could be construed as asserting were also asserted in No. 23-CV-9380 (LTS), no useful purpose would be served by the filing and litigation of this duplicate lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 23-CV-9380 (LTS) and the new civil action opened as a result of the Court's January 2, 2024 order in that case.

In light of the Court's belief that this duplicate lawsuit was opened in error, the Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

## CONCLUSOIN

The Court dismisses Plaintiff's complaint as duplicative of No. 23-CV-9380 (LTS).

The Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] This case, No. 23-CV-10680 (LTS), was filed before the Court's order in No. 23-CV-9380 (LTS), and is not the new action opened as a result of that order.

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:  January 5, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge